Borough of Youngsville, Appellant *v.* Zoning Hearing Board of the Borough of Youngsville, Robert Matteo and Rosalie Matteo, Appellees.

Argued May 3, 1982, before Judges Rogers, Blatt and Craig, sitting as a panel of three.

*Joseph C. Barnhart, Altomare & Barnhart,* for appellant.

*Sumner E. Nichols, II, Dunn & Conner,* for appellees, Robert Matteo and Rosalie Matteo.

OPINION BY JUDGE BLATT, October 6, 1982:

The appellant, the Borough of Youngsville (Borough), appeals an order of the Court of Common Pleas of Warren County which affirmed a decision of the Youngsville Zoning Hearing Board (Board) granting a certificate of occupancy to the appellees, Robert and Rosalie Matteo, and confirming the nonconforming use of a 27-unit trailer park on their property.

The appellees' purchased the approximately five-acre tract involved here in 1978 for $18,500, having previously conferred with the Borough zoning officer and having received his approval for the trailer park which they proposed to develop. They thereafter invested an additional $18,000 for the construction of sewer lines. The Borough then objected to further development of the trailer park on the ground that the proposed use was not permitted by the zoning ordinance which the Borough had adopted in 1961. The appellees unsuccessfully sought to amend the ordinance and they finally requested a certificate of occupancy for the proposed trailer park from the Board. The Board granted the certificate of occupancy, having concluded that use of the property as a trailer park was permitted as a nonconforming use and, upon the Borough's appeal of that decision, the common pleas court affirmed the Board's determination. This appeal followed.

Where, as here, the court of common pleas has taken no additional evidence, our scope of review is limited to determining whether or not the findings of the Board are supported by substantial evidence and whether or not it abused its discretion or committed an error of law. *Vitale v. Zoning Hearing Board of Upper Darby Township,* 63 Pa. Commonwealth Ct. 604, 438 A.2d 1016 (1982).

The Board based its decision mainly upon a 1967 letter from the Borough's solicitor to the Borough Council concerning this property,[1] which stated in part:

1. A trailer court was established by the Hamiltons during the year 1959 and prior to the adoption of the Youngsville Borough Zoning Ordinance.

2. Work was done to adapt the property to a trailer court including installation of electricity, water, and preparation of trailer sites.

3. The trailers were actually put on the premises and were there at least until the year 1963 when the last trailer, which belonged to one Hilbert, was removed.

4. No trailers have been on the premises since that time but the connections remained and the area was not used for any other purposes.

5. The entire premises have now been leased to a Raymond Larson and there are presently 4 trailers situated on the property.

---

[1] In 1967, a challenge was brought to the use of this property as a trailer park and the solicitor's letter was drafted to advise the Borough Council regarding the dispute. There is no evidence that the Borough Council took any further action after receipt of its solicitor's letter, but there is no question that the trailer park continued in operation thereafter.

The letter then went on to conclude that a trailer court existed as a nonconforming use and that there was no showing of a clear intent that it had been abandoned. The record reveals no indication of any relevant action by the Borough Council thereafter.

The Borough argues that the Board abused its discretion by relying on this letter in that the Board failed to make its own factual determinations and impermissibly deferred to the judgment of the former Borough solicitor.

It is true, of course, that a zoning hearing board must render an opinion delineating sufficient findings to support its conclusions in order to provide for meaningful judicial review. *Lando v. Springettsbury Township Zoning Board of Adjustment*, 4 Pa. Commonwealth Ct. 312, 286 A.2d 924 (1972). It is also true, however, that specific findings of fact are not required if the Board's opinion provides an adequate explanation of its resolution of the factual questions involved, *Zoning Hearing Board v. Konyk*, 5 Pa. Commonwealth Ct. 466, 290 A.2d 715 (1972), and if it sets forth the Board's reasoning in such a way as to demonstrate that its decision was reasoned and not arbitrary. *Lando*.

In the present case, the two opinions of the Board members in support of granting the certificate of occupancy[2] both made clear that they were willing to agree with and to adopt as their own the factual conclusions contained in the 1967 letter because the letter was written at a time much closer to the occurrence of the events in question. While we would note that the better practice for a zoning hearing board is certainly to set out its own specific findings of fact, we cannot say that, in this particular case, the findings relied

---

[2] Each of the three members of the Board issued an opinion; two in support of permitting the proposed use and one in opposition.

upon by the Board are so obscure as to preclude our review of its decision nor do we believe that the Board abused its discretion by relying on them.

The Borough also argues that the record does not contain substantial evidence of the existence of the trailer park prior to the enactment of the zoning ordinance in 1961 because the 1967 letter "merely assumes" that such was the case without citing any facts to support that assumption, and was evidence only of the Borough's perception in 1967 of the status of the property.

. . Determinations as to the credibility of witnesses and the weight to be given to evidence are matters left solely to the Board in the performance of its factfinding role. Even if the letter in question amounted to hearsay, our review of the record reveals that no objection was made to its admission and the Board was therefore permitted to give it its natural probative value. And, inasmuch as the letter specifically stated that a trailer court had been established in 1959, and in the absence of any objection to the introduction of this document, we believe that it constituted substantial evidence in support of the Board's conclusion.

Moreover, the Borough itself introduced evidence which would support a finding that use of the property as a trailer park had predated the zoning ordinance. Section 51 of the Borough's zoning ordinance of 1961 defines "trailer park" as "[a] lot or premises occupied or designed for occupancy by two (2) or more house trailers," and a witness for the Borough testified that only one trailer house was on the subject property before 1961, but that prior to that year the owner of the premises had installed a septic system capable of servicing two trailers. This testimony itself establishes that, prior to enactment of the zoning ordinance, the property had been "designed for occupancy by two or more house trailers," and that it

therefore came within the ordinance's definition of "trailer park." This testimony, as well as the findings contained in the 1967 Borough solicitor's letter, convince us that the Board did not err in concluding that the existence of the trailer park on the property was a permissible nonconforming use.

The Borough next contends that no trailers were on this property for at least a four-year period from 1963 to 1967 and that its use as a trailer park must therefore be considered to have been abandoned under the provisions of Section 148 of the ordinance which provides that a nonconforming use has been abandoned if it "has been discontinued for a period of six (6) months."

Abandonment of a nonconforming use, of course, is a question of fact which depends upon all the facts present in a case and which the Borough has the burden of proving. *Kuhl v. Zoning Hearing Board of Greene Township,* 52 Pa. Commonwealth Ct. 249, 415 A.2d 954 (1980). The mere occurrence of an interval of time between the departure of one lessee and the arrival of another does not necessarily constitute abondonment. *Id.* The intent to abandon can be presumed, however, if a nonconforming use is not resumed prior to the expiration of a time limit imposed by an ordinance, but, in addition to the running of such a period, other overt acts or failures to act must be shown which indicate an intent to abandon the use. *Grace Building Co. v. Zoning Hearing Board of Allentown,* 38 Pa. Commonwealth Ct. 193, 392 A.2d 892 (1978).

The Borough's evidence here established only that no trailers were on this property from 1963 to 1967. It did not demonstrate any other overt acts or omissions which would indicate that an intent to abandon the use existed here. In finding no abandonment, however, the Board relied upon the facts as expressed in

the 1967 Borough solicitor's letter to the effect that the property was vacant from 1963 to 1967 but that during that time the water and septic system connections were maintained and the area was not used for any other purpose. We believe, therefore, that the Board could and did properly find that neither the appellee nor his predecessors in title had exhibited an intent to abandon the nonconforming use.[3]

The Borough also argues that the Board's decision was tainted because one of its members should have disqualified himself from participation in the decision. The Borough notes that he was employed by the appellee to survey the land in question and he testified as a witness in support of the appellee's earlier attempt to amend the zoning ordinance applicable to the premise.

The general rule is that a municipal officer should disqualify himself from any proceeding in which he has a personal or pecuniary interest that is immediate and direct. *Levitt & Sons, Inc. v. Kane,* 4 Pa. Commonwealth Ct. 375, 285 A.2d 917 (1972). Our Supreme Court has also found that an impermissible commingling of adjudicatory and prosecutorial functions occurred when a zoning hearing board was advised by a solicitor who was also representing the township in the same proceeding. *Horn v. Township of Hilltown,* 461 Pa. 745, 337 A.2d 858 (1975). There it was held that actual prejudice to the rights of a party need not be shown to exist but that in order to fulfill its duties properly "a governmental body charged with certain

---

[3] We would also note that under the ordinance's definition of a trailer park, a property is used for such purpose merely by being designed for occupancy by two or more trailers. In this case, the facilities to accommodate trailers were never removed and it could be argued that under the specific terms of the ordinance the presence of trailers on the land was not necessary in order to constitute a continuation of its use as a trailer park.

decision-making functions . . . must avoid the *appearance of possible prejudice,* be it from its members or from those who advise it or represent parties before it." *Id.* at 748, 337 A.2d at 860 (emphasis added).

In the present situation, we believe that the fact that one of the Board members was employed to survey the property here concerned, coupled with his participation in an earlier proceeding as a witness in support of the appellee's proposed use, does raise a significant question as to his objectivity in this matter. We must emphasize that there is nothing in the record before us which indicates that this Board member actually conducted himself in a biased or prejudicial manner. Nevertheless, the Board is required to sit as an impartial tribunal, and we believe that the confidence of the public and of the parties in such a tribunal could be seriously undermined if a Board member who had been employed to work on a project and who had expressed an opinion in favor of that project in a formal, albeit separate, proceeding was later allowed to participate in the Board's deliberations regarding the identical proposal.

Disqualification of this Board member, however, does not in and of itself require a reversal of the decision that was reached here. There has been no allegation that the member in question controlled or unduly influenced the other members of the Board in any manner which would raise doubts as to the validity of *their* votes. In addition, Section 908(9) of the Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10908(9), requires that the Board render its decision within 45 days of the hearing and that failure to do so automatically results in a decision favorable to the applicant. If the Board member here concerned had not participated in the hearing, the Board would have produced a 1-1 vote, thereby

failing to reach a decision and consequently also resulting in an approval of the appellee's request.

Finally, the Borough argues that, at most, the nonconforming use in question was limited to a two-four-unit trailer park and that the Board's decision allowing 27 units was an impermissible and unreasonable expansion of the existing nonconforming use. The appellees counter that, because this property was designed for occupancy by two or more trailers, the entire five-acre tract should qualify as a trailer park under the zoning ordinance.

The actual question before us here, however, does not concern whether or not this nonconforming use can be expanded, but a determination as to whether or not the original nonconforming use extended over the entire property or only over a portion thereof, and this issue is controlled by our decision in *Overstreet v. Zoning Hearing Board of Schuylkill Township,* 49 Pa. Commonwealth Ct. 397, 412 A.2d 169 (1980). There we held that the burden of proving the extent of a nonconforming use rested with the owner of the property and that the determination of the extent of the use was a question of fact for the zoning hearing board.

In this case, the two opinions in support of granting the appellee's request resolved this issue on different grounds: one finding that the entire property had been devoted to the nonconforming use and the other concluding that the question of the maximum number of trailers to be allowed on the property was a subject to be decided by the Borough's Planning Commission or the Borough Council. The first of these opinions decided the issue upon an appropriate legal ground, but the second did not, and this Court cannot take upon itself the factfinding duties of the Board nor will we choose between the inconsistent opinions which are presently before us. Furthermore, our earlier conclusion that one of the Board members must

292

be disqualified means that one of the opinions in support of permitting operation of the trailer park is void. Inasmuch as neither of the opinions was signed, it is impossible for this Court to determine which of the opinions was valid.

While a remand for additional findings is necessary, therefore, this Court is unaware of the present membership of the Board and we fear that a remand to the Board could result in another tie vote and thereby unduly delay the resolution of this matter. We will, therefore, order that the common pleas court conduct a hearing, take such evidence as the parties wish to introduce and make findings of fact and conclusions of law as to the extent to which the instant property was devoted to a nonconforming use as a trailer park before the adoption of the Borough's Zoning Ordinance.

ORDER

AND Now, this 6th day of October, 1982, the order of the Court of Common Pleas of Warren County in the above-captioned matter is reversed and the record is remanded for further proceedings consistent with the foregoing opinion.

Judge ROGERS dissents.

