## Definnis v. Zoning Hearing Board of Berwick

*William S. Kreisher,* for appellant.
*Joseph. F. Torsella,* for appellee.

MYERS, *P.J.,* August 30, 1985—Appellant, Daniel Definnis, and his wife are owners of a parcel of real estate located at 206 East Second Street, Berwick, Columbia County, Pa. The premises consists of a dwelling and garage. The property is located in a residential district (R-3) and is being used by appellant and his wife as a residence and a place for the storage, display and sale of antiques and collectibles.

In April, 1984, the Code Enforcement Officer of the Borough of Berwick issued a notice of violation. Appellant was informed that a variance/special use exception was required. Appellant then applied for a variance and special exception on April 24, 1984. Hearing was held on May 9, 1984, but the board did not issue a written decision until August 28, 1984, a period well in excess of three months, at which time the board denied the requested variance/special use exception.

On September 26, 1984, appellant filed this appeal and the prothonotary issued a writ of certiori to

the Zoning Hearing Board of the Borough of Berwick. On January 4, 1985, the typed transcript record and handwritten notes of the code enforcement officer, and remaining record were filed. Apellant's appeal on this matter is presently before us for disposition.

This case basically presents a single issue, i.e., can the failure of the Zoning Hearing Board of Berwick to issue a written decision within 45 days of the conclusion of the hearing be deemed to be a decision in favor of the appellant?

The Municipal Planning Code, 53 P.C.S.A. §10908(a), provides in relevant part;

"The board . . . shall render a written decision . . . within 45 days after the last hearing contested or denied, each decision shall be accompanied by findings of fact and conclusions based thereon together with the reasons therefore. Conclusions based on any provision of this act or of any ordinance, rule or regulation shall contain a reference to the provision relied on and the reasons why the conclusion is deemed appropriate in the light of the facts found . . . . Where the board fails to render the decision within the period required by this subsection . . . the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing to an extension of time."

The final hearing was held May 9, 1984. No written notice of decision was issued to appellant until August 23, 1984, well beyond the required 45 days. There is no evidence that appellant entered a written agreement allowing an extension.

Appellee agrues that the instant case is somewhat analogous to Borough of Youngsville v. Zoning Hearing Board of the Borough of Youngsville, 69 Pa.

Commw. 281, 450 A.2d 1086 (1982). The court in Youngsville held that specific fact findings are not required if a zoning hearing board's opinion provides an adequate explanation of its resolution of the fact questions, and if it sets forth the board's reasoning in such a manner that would demonstrate its decision was reasoned and not arbitrary. While the board may have included reasoned explanations in its record, it did not set them forth in a written opinion to appellant within 45 days.

The mere fact that the board let its opinion be known orally at the time of hearing does not satisfy the requirements of 53 P.S.C.A. §10908(9) that the opinion be written and issued within the requisite time. In Quality Food Markets, Inc., v. Zoning Hearing Board of South Lebanon Township 50 Pa. Commw. 569, 413 A.2d 1168 (1980), the court held that even though the township zoning board made a timely oral announcement of its decision, denying an application for special exception, its failure to issue a written opinion within 45 days mandated the issuance of the appropriate permit. The court added that the essence of the 45 day requirement of section 908(9) of the M.P.C., which is also being considered here, is the rendering of a written decision within the fixed time, rather than giving of notice that a decision has been made.

The law clearly and without ambiguity directs the board to "render a written decision". Under the Statutory Construction Act of 1972, 1 Pa. C.S. §1921(b) these words must be interpreted literally.

Therefore, appellant's request for special exception to allow the lawful non-conforming use under consideration must be granted.

While other issues were raised by appellant, they are rendered moot by this holding.

## ORDER OF COURT

And now, this August 30, 1985, this case is remanded to the Zoning Hearing Board of Berwick Borough to issue a permit to appellant consistent with this opinion.