578 A.2d 1372

**Lucreta P. RUBIN, Appellant,**

v.

**The ZONING HEARING BOARD OF MILLCREEK TOWNSHIP, Appellee.**

Commonwealth Court of Pennsylvania.

Argued June 15, 1990.

Decided Aug. 16, 1990.

Reargument Denied September 19, 1990.

Michael G. Nelson, Erie, for appellant.

Richard W. Perhacs, Elderkin, Martin, Kelly, Messina & Zamboldi, Erie, for appellee.

Before CRAIG, President Judge, SMITH, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

Lucreta P. Rubin (Appellant) appeals from an order of the Erie County Court of Common Pleas (trial court) affirming the Zoning Hearing Board of Millcreek Township's (Board's) decision. We reverse.

Having purchased the 3036 West 12th Street, Millcreek Township, Erie County property at issue in November of 1987, Appellant uses the structure thereon for a collection agency. In its 1949 zoning ordinances, Millcreek Township (Township) had zoned the southern area of Appellant's parcel as a light industrial district and the northern section as residential.

Appellant was using the residential portion of the subject property for parking and as additional access from West 11th Street for her business. Having received a complaint, the zoning and code enforcement officer (officer) issued a cease and desist order as to the residential section. He determined that any commercial use of that residential segment, including parking and access, was barred by Article V, Section 501–A of the Township's zoning ordinances. That section provides that "if a non-conforming use is discontinued for a period of one (1) year, any future use of said land shall be in conformity with the provisions of this ordinance."

As owner of the property, Appellant sought review before the Board of the officer's determination that the non-conforming use had been abandoned. The Board found that prior to Appellant's 1987 purchase of the parcel, Harrington Industrial Laundry (Harrington) owned and used the property for laundry operations between 1979 and 1984. From 1984 to 1987, however, Harrington discontinued actual production and used the building thereon as a warehouse and

for storage of its records. The Board further found that when Harrington terminated its production operations in 1984, there were no employees permanently stationed on the property and Harrington's employees made only occasional visits to the property thereafter.

The Board noted that Armor Electric had owned the property prior to Harrington, having purchased it in 1962. It ceased operations thereon in 1979 or 1980. The Board did not make any findings of fact regarding the chain of ownership prior to 1962.

When, as here, the trial court takes no additional testimony, we are limited, as was the trial court, to determining whether the Board committed an error of law, abused its discretion or whether its findings were supported by substantial evidence. *Jones v. Township of North Huntingdon Zoning Hearing Board*, 78 Pa.Commonwealth Ct. 505, 467 A.2d 1206 (1983). In rendering its decision, the trial court stated that Appellant failed to establish "a definite chain of title and possession evidencing the time of creation and continuation of the alleged non-conforming use of the residential segment of the property for a commercial access." Trial court's opinion at 3. However, the Board had based its refusal to disturb the officer's determination that the non-conforming use had been abandoned for over one year on a theory of abandonment. By injecting the issue of whether or not a non-conforming use existed, which the Board did not address and which seems to be admitted by virtue of the fact that Appellant was alleged to have abandoned such a use, the trial court did not adhere to the proper scope of review.

The proper inquiry, and the issue now before us is whether the Board erred in finding that the Township demonstrated abandonment of the non-conforming use by record evidence. We reverse on the basis that the Board's findings of fact do not support a finding of abandonment.

■ The municipality has the burden of proving the abandonment of a non-conforming use. *Baird v. Zoning Board of Adjustment of Slippery Rock Borough*, 20 Pa.

Commonwealth Ct. 236, 340 A.2d 904 (1975). This burden consists of proving (1) a period of discontinuance and (2) an intent to abandon the non-conforming use. *Id.*

When as here an ordinance with a one-year time period is involved, the expiration of that period creates only a presumption of intent to abandon the non-conforming use. *Borough of Youngsville v. Zoning Hearing Board of the Borough of Youngsville,* 69 Pa. Commonwealth Ct. 282, 450 A.2d 1086 (1982). The party asserting abandonment must then demonstrate concurrent overt acts or failures to act, which show abandonment. *Id.*

Also, in the *Baird* case, this Court held that:

> We recognize that nonconforming uses are not favorites in the law ... but we also recognize that property owners have a constitutional right to continue a nonconforming use until the municipality meets its burden of proving that it has been abandoned.

*Baird,* 20 Pa. Commonwealth Ct. at 244, 340 A.2d at 908 (citations omitted).

Appellant argues that the municipality failed to prove abandonment here because the record shows intermittent use and thus no intent to totally abandon the non-conforming use. As evidenced by the following findings by the Board, it agreed with Appellant that Harrington's use from 1984 to 1987 was sparse. However, the Board went one step further and found that this scant use constituted abandonment.

In part of one pertinent finding, the Board found that: [t]he evidence establishes that there was some practice of accessing the subject property through the 11th Street frontage by both Armor Electric employees and business visitors and Harrington Industrial Laundry employees and business visitors. The exact extent of this usage has not been established with any certainty but this usage can be characterized as frequent but irregular.

Finding of Fact No. 7.

In another relevant finding, the Board noted Harrington's virtual disuse of the non-conforming use of the property

from 1984 to 1987. The pertinent part of that finding reads as follows:

> Subsequent to Harrington's discontinuance of production operations, no employees were stationed at the subject premises and few if any business visitors had occasion to access the property. From this time forward for all practical purposes access to the property through 11th Street ceased and was abandoned.

Finding of Fact No. 8.

We have held that minimal use of a non-conforming use is enough to prevent a finding of abandonment. *Kuhl v. Zoning Hearing Board of Greene Township*, 52 Pa. Commonwealth Ct. 249, 415 A.2d 954 (1980). In the *Kuhl* case, the owners of a gravel extraction operation successfully argued that the Zoning Hearing Board of Greene Township abused its discretion because its findings of fact did not support a finding of abandonment.

The "minimal" use in *Kuhl* consisted of everything from very limited extraction to "[r]emoving and replacing equipment, and again removing it...." *Id.* at 254, 415 A.2d at 957. We found that there was no cessation of use and thus no intent to abandon because "the gravel business existed on the property in every year in question, in the form of some related activity, if not exclusively extraction." *Id.*

In this case, the infrequent usage of the non-conforming use consisted of "casual visits ... made by employees of Harrington when it was necessary to access the interior of the building. These visits were as infrequent as several times a month." Finding of Fact No. 5. It is clear from the Board's findings that the continued usage by Harrington of the non-conforming use was minimal. However, as we succinctly stated in *Kuhl* at 253, 415 A.2d at 956, "minimal utilization of a use is sufficient to perpetuate its status as a non-conforming use." Accordingly, we must conclude that the Board erred in finding an abandonment on these facts.

For the above reasons, we reverse.

## ORDER

AND NOW, this 16th day of August, 1990, the order of the Court of Common Pleas of Erie County in the above-captioned matter is hereby reversed.

SMITH, J., dissents.