**LATROBE SPEEDWAY, INC. and Chester M. Aretta, Appellants**

v.

**ZONING HEARING BOARD OF UNITY TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1996.

Decided Dec. 16, 1996.

John M. O'Connell, Jr., Greensburg, for appellant.

David S. DeRose, Greensburg, for appellee.

Before COLINS, President Judge, and PELLEGRINI, J., and NARICK, Senior Judge.

COLINS, President Judge.

Latrobe Speedway, Inc. (Latrobe) and Chester M. Aretta (Aretta) (collectively Appellants) appeal from the order of the Court of Common Pleas of Westmoreland County (common pleas court) which affirmed a decision of the Unity Township Zoning Hearing Board (Board) denying Appellants' application for an occupancy permit to operate an automobile racetrack on property owned by Latrobe in Unity Township (Township). We reverse.

In 1977, Latrobe purchased the property in question and actively operated a racetrack on the premises for several years and then leased the premises to others who continued to use the property as a racetrack. Racing activity ended on the premises in 1982, and the property has not been actively used since that date. The physical components of the racetrack remain on the premises, however. These components include the track, grandstands, buildings, fence, and light stands, although these structures have suffered the wear of years. The premises have become overgrown with weeds, and no improvements have been made to the facility since 1982.

On December 7, 1994, Latrobe and Aretta entered into a lease agreement for the racetrack. Aretta, as lessee, desires to resume Sunday racing on the premises. The application for an occupancy permit to operate a racetrack on the premises was denied, however, because this use did not conform with existing zoning regulations. In 1991, the Township enacted a zoning ordinance that designated for agricultural use the area that includes the racetrack. In denying the application, the Township zoning officer determined that Latrobe had abandoned its use of the premises as a racetrack and thus the land could not remain nonconforming. The Board affirmed this determination on appeal, following a hearing. On further appeal, the common pleas court affirmed the Board on different grounds. The court determined that because at the time of the enactment of the zoning ordinance there was no racing activity on the premises, Appellants could not claim the existence of a nonconforming racetrack use. This appeal followed.

In a zoning appeal where the common pleas court takes no additional evidence, our scope of review is limited to determining whether the zoning hearing board manifestly abused its discretion or committed an error of law. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550,

462 A.2d 637 (1983). A zoning hearing board abuses its discretion when its findings are not supported by substantial evidence. *Id.*

The issue in this case is whether the non-conforming racetrack use had been abandoned by Latrobe within the meaning of Section 118–42(C) of the Unity Township Zoning Code,[1] which provides:

> In the event that a nonconforming use, conducted in a structure or otherwise, ceases, for whatever reason, for a period of one (1) year or is abandoned for any period, such nonconforming use shall not be resumed.

We have long held that zoning provisions such as Section 118–42(C) serve to create a presumption of a landowner's intent to abandon a nonconforming use if such use is not resumed prior to the expiration of the period set forth in the ordinance. *See Bruce L. Rothrock Charitable Foundation v. Zoning Hearing Board of Whitehall Township,* 651 A.2d 587 (Pa.Cmwlth.1994); *Borough of Youngsville v. Zoning Hearing Board of the Borough of Youngsville,* 69 Pa.Cmwlth. 282, 450 A.2d 1086, 1090 (1982). It remains, however, the burden of the party asserting abandonment to prove both that a landowner intended to abandon the use and that the use was actually abandoned. *Spencer v. Rockland Township Zoning Hearing Board,* 111 Pa.Cmwlth. 111, 533 A.2d 497 (1987). This burden does not switch to the landowner to disprove discontinuance even when a presumption is made. *Pappas v. Zoning Board of Adjustment,* 527 Pa. 149, 589 A.2d 675 (1991).

Therefore, non-use alone will not satisfy a party's burden to prove abandonment. Actual abandonment must be demonstrated by other evidence, such as overt acts, a failure to act, or statements. *Metzger v. Bensalem Township Zoning Hearing Board,* 165 Pa.Cmwlth. 351, 645 A.2d 369 (1994).

Where non-use occurs because of events beyond the owner's or occupier's control, such as financial difficulties, there is no actual abandonment. *Id.* A temporary discontinuance of use is not abandonment (*Spencer*), nor is a lapse of time between the departure of one lessee and the arrival of another. *Borough of Youngsville.* "A finding of abandonment requires proof of an intent to relinquish the use voluntarily." *Metzger,* 645 A.2d at 371.

In this case, the Board appeared to switch the burden of proof to Appellants after it was established that the property had not been used in excess of a year. Pursuant to *Pappas,* transferring the burden of proof is an error of law. *See* 589 A.2d at 677. The Board further rested its decision upon the fact that the property and its improvements have suffered from inattention since 1982.

Although non-use and disrepair of a property are factors that may indicate abandonment, we believe that the record in this case contains sufficient, uncontroverted evidence that rebuts the presumption that Latrobe intended to abandon the use of the property as a racetrack. First, the property is assessed as a racetrack, and Latrobe has continued to pay yearly property taxes pursuant to that assessment. Second, although the structures on the property are in disrepair, no attempt had been made to dismantle these structures or otherwise convert the use on this thirty-five acre tract. Third, since racing activity ceased, Latrobe has negotiated with twenty-three persons, aside from Aretta, for the sale or lease of the premises as a racetrack. That Latrobe was not able to come to terms with these persons indicates a financial circumstance explaining the non-use of the premises.

The Board determined that the above factors do not "breathe new life into an activity

---

**1.** The Board argues that the main issue should be whether there was a nonconforming racetrack use on the premises at the time of the enactment of the relevant zoning ordinance. That issue, however, is subsumed by the one we have stated: If the nonconforming use was abandoned, it would not have been in existence at the time of the enactment of the ordinance; if the nonconforming use was not abandoned, it was in existence at this time. *See Haller Baking Company's Appeal,* 295 Pa. 257, 262, 145 A. 77, 79 (1928) ("The use for which the property is adapted need not be in actual operation at the time of the adoption of the ordinance, if the attending circumstances connected with the property bear out the conclusion that the owner intended to use the property for that purpose.").

that ceased." Opinion of the Board, p. 9. It is not the burden of Latrobe, however, to disprove that the use upon the land is extinguished. It is the burden of the Township, in this case, to prove actual and intentional abandonment based upon "all the facts present in [the] case." *Borough of Youngsville*, 450 A.2d at 1090. Viewing all of the facts present in this case, it is clear to this Court that the Township has not satisfied its burden of showing that Latrobe has relinquished its vested right to use the property as a racetrack.

Accordingly, the order of the Court of Common Pleas of Westmoreland County is reversed, and this matter is remanded to the common pleas court to, in turn, remand to the Board with instructions to grant Appellants an occupancy permit for the premises as a racetrack.

### ORDER

AND NOW, this 16th day of December, 1996, the order of the Court of Common Pleas of Westmoreland County is reversed, and this matter is remanded to said court to, in turn, remand to the Zoning Hearing Board of Unity Township with instructions to grant Appellants an occupancy permit for the premises as a racetrack.

Jurisdiction relinquished.