# Hanson Aggregates Pennsylvania Inc.
# v. College Township Council

*Raymond P. Pepe,* for appellant.

*Louis T. Glantz,* for defendant.

BROWN JR., *P.J.,* October 25, 2005—Presently before the court is a land use appeal filed by appellant Hanson Aggregates Pennsylvania Inc. Hanson currently owns and operates a limestone quarry on a 322-acre site in College Township, Centre County, known as the "Oak Hall Quarry." Hanson has acquired an option to acquire a 42.2-acre portion of a 70.5-acre tract owned by Richard Tressler and Sue Tressler adjacent to the current southern boundary of the Oak Hall Quarry. Hanson proposes to have changed the designation of the zoning district of the acquired Tressler property from agricultural to rural residential in order to laterally expand the Oak Hall Quarry.

## PROCEDURAL BACKGROUND

Hanson submitted a rezoning request to the College Township Council in October 2001, which was amended by Hanson in February 2002 and November 2003. After a decision by the council to postpone any action on the amended rezoning request, Hanson resubmitted the rezoning request on November 26, 2003, in the form of a substantive challenge to the validity of the existing zoning ordinance and requested College Township adopt a curative amendment to its zoning ordinance. The proposed curative amendment incorporates the provisions of Hanson's October 2001, February 2002 and November 2003 rezoning requests. From January 2004 to June 2004 six public hearings were held in this matter. On September 23, 2004, the council issued its decision rejecting the curative amendment and upholding the validity of the zoning ordinance.

Appellant filed a notice of land use appeal on October 25, 2004. Oral arguments were held on September 30, 2005. Both parties have submitted briefs. Appellant has also filed a reply brief and a reproduced record.

## FINDINGS OF FACT

This court adopts the findings of fact of the College Township Council.

Reproduced record, pp. 5a-34a.

## DISCUSSION

When the court receives no additional evidence, as here, its scope of review is limited to determining whether or not the council committed a manifest abuse of discretion or committed an error of law. *Centre Lime and Stone Co. Inc. v. Spring Township Board of Supervisors,* 787 A.2d 1105, 1108 (Pa. Commw. 2001) (citing *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 554, 462 A.2d 637, 639 (1983)). Council abuses its discretion when its findings of fact are not supported by substantial evidence. *Id.* at 555, 462 A.2d at 640.

"Substantial evidence" is relevant evidence which a reasonable mind may accept as adequate to support a conclusion. *Id.* "Determinations as to the credibility of witnesses and the weight to be given to evidence are matters left solely to the board in the performance of its fact-finding role." *Borough of Youngsville v. Zoning Hearing Board of the Borough of Youngsville,* 69 Pa. Commw. 282, 287, 450 A.2d 1086, 1089 (1982).

"[A] zoning hearing board must render an opinion delineating sufficient findings to support its conclusions in order to provide for meaningful review." *Id.* at 286, 450 A.2d at 1089. "[F]indings of fact are not required if the board's opinion provides an adequate explanation of its resolution of the factual questions involved, . . . and if it sets forth the board's reasoning in such a way as to demonstrate that its decision was reasoned and not arbitrary." *Id.* (citation omitted)

The College Township Zoning Ordinance establishes an agricultural district within the township to, in sum, protect and preserve agriculture. See Code of the Township of College, chapter 200, article IV, section 200-17(A)(1) through (7). Under the ordinance, quarrying and mining are not permitted within the agricultural district. See Code of the Township of College, chapter 200, attachment 3. Quarrying and mining are permitted, however, within the rural residential district. See Code of the Township of College, chapter 200, attachment 5. Hanson's curative amendment requests rezoning of two parcels: (1) the first, a 41.83-acre portion of the Tressler property, from agricultural to rural residential, and (2) the second, a 62.5-acre tract owned by Hanson, from rural residential to open space. Hanson's curative amendment would also provide for a right of first refusal to College Township to acquire the Oak Hall Quarry site, or portions of the quarry property, for open space or recreational purposes upon completion of mining activities.

In the curative amendment, Hanson alleges the College Township zoning ordinance fails to provide for "reasonable mineral development" within the municipality,

as required by section 603(i) of the Pennsylvania Municipalities Planning Code. See 53 P.S. §10603(i). Specifically, Hanson questions the council's determination that approximately 7.1 percent of the land in College Township (approximately 850 acres of the township's total acreage of 12,000) is currently zoned for mining and/or quarrying. Hanson contends that, in fact, only 640 acres of undeveloped land within the township have recoverable mineral reserves suitable for asphalt and concrete production and, of this land, six acres are located within a rural residential district (representing 0.94 percent of the available land).

"In challenging the validity of a zoning ordinance, a landowner may present a de jure or a de facto challenge . . . that the ordinance . . . excludes a proposed use." *Centre Lime and Stone Co. Inc.,* 787 A.2d 1105, 1110-11 (Pa. Commw. 2001). (citation omitted) "In a de jure challenge, the landowner alleges that the ordinance totally excludes a proposed use." *Id.* at 1111. In a de facto challenge, however, "the landowner alleges that the ordinance on its face permits the proposed use, but does so under such conditions that the use cannot in fact be accomplished." *Id.* Thus, in the case at bar, Hanson is mounting a de facto challenge, because, in fact, mining and/or quarrying is permitted in specified districts of College Township.

To determine whether a zoning ordinance results in a de facto exclusion of surface mining and quarrying, this court must conduct a "fair share" analysis. *Centre Lime and Stone Co. Inc.,* 787 A.2d 1105, 1111 (Pa. Commw. 2001). (citation omitted) This "fair share" analysis in-

volves consideration of the unique facts and circumstances of each individual case. See *Waynesborough Corporation v. The Easttown Township Zoning Hearing Board,* 23 Pa. Commw. 137, 141, 350 A.2d 895, 897 (1976) (citing *National Land and Investment Company v. Easttown Township Board of Adjustment,* 419 Pa. 504, 523, 215 A.2d 597, 607-608 (1965) ("Every zoning case involves a different set of facts and circumstances in light of which the [validity] of [the] ordinance must be tested.")). One such factor includes determining whether the ordinance "reflects a balanced and weighted consideration of the many factors that bear upon local and regional needs and development." *Centre Lime and Stone Co. Inc.,* 787 A.2d 1105, 1111 (Pa. Commw. 2001). (citation omitted) In particular, "[c]ases involving de facto or partially exclusionary zoning turn on the question of whether the provision for a particular use in the ordinance at issue reasonably accommodates the immediate and projected demand for that use." *Fernley v. Board of Supervisors of Schuylkill Township,* 509 Pa. 413, 419, 502 A.2d 585, 588 (1985).

Further, inquiry into the unique facts and circumstances of this case, where the zoning exclusion is partial, the percentage of community land available under the College Township Zoning Ordinance for mining and quarrying becomes relevant. See *Centre Lime and Stone Co. Inc.,* 787 A.2d 1105, 1111 (Pa. Commw. 2001). "This percentage must be considered in light of the total amount of undeveloped land in the community. . . . Where the amount of land zoned for the proposed use is disproportionately small in relation to the total amount of unde-

veloped land in the community, the ordinance will be held to be exclusionary." *Id.* (citation omitted)

The facts, circumstances and arguments surrounding this case are eerily similar to those involved in the recent case of *LaRock v. Board of Supervisors of Sugarloaf Township,* 866 A.2d 1208 (Pa. Commw. 2005). There, as here, appellants contended that the board's decision to deny a curative amendment was not supported by substantial evidence. That case also concerned a de facto challenge, whereby appellants argued, under the "fair share" analysis, that the existing land allotted for mining was inadequate. That court concluded, inter alia, that although the parties involved focused on a "fair share" analysis, that case involved the statutory construction of section 603 of the Pennsylvania Municipalities Planning Code. See *LaRock v. Board of Supervisors of Sugarloaf Township,* 866 A.2d 1208, 1212 (Pa. Commw. 2005).

"[Section 603] taken as a whole, weighs and balances several different interests in requiring zoning ordinances to reflect the policy goals of the community, and subsection (i) sets out the reasonable development of minerals as *one* such interest. However, the statute requires a *balancing of interests* to determine whether the zoning ordinance . . . is *reasonable.*

"In determining what is 'reasonable,' the board and trial court must consider the various factors delineated in section 603, including, but *not limited to,* subsection (i). Section 603 acknowledges: the special nature of various sites within the municipality . . . ; the special protection and preservation allowed for natural resources and agricultural land . . . ; that zoning ordinances may con-

tain provisions to promote agriculture . . . ; and, that ordinances adopted shall be consistent with the municipal comprehensive plan . . . ." *Id.* at 1213. (citations omitted) (emphasis in original)

Thus, it was error for the trial court to focus only on the bare percentage of land and to not consider or balance the factors set out in section 603. See *id.*

After a careful examination of the reproduced record, this court is satisfied that the College Township Council adequately considered and balanced the enumerated factors of section 603. In addition, the council also examined other relevant facts and circumstances before issuing its decision, including, but not limited to: (1) College Township's "fair share" ratio compared with other local townships; (2) Hanson's and its predecessors' long history of mining within College Township; (3) the location of local schools, residences and a proposed regional park within close proximity of the Oak Hall Quarry; (4) the inadequacy of exiting roadways; (5) various aesthetic and quality of life issues, and (6) the fact that the rezoning request will not significantly extend the useful life of the existing quarry, but will simply allow Hanson to change the type of material mined. All of the above mentioned factors are relevant evidence which a reasonable mind could accept as adequate to support the council's conclusions. As such, the council's findings of fact are supported by substantial evidence, with no error of law.

## ORDER

And now, October 25, 2005, upon consideration of appellant Hanson Aggregates Pennsylvania Inc.'s land

use appeal, and after presentation of oral arguments and briefs, the decision of the College Township Council is affirmed.

(1) The zoning ordinance in College Township is valid and does provide for the reasonable development of minerals within the township.

(2) The zoning ordinance in College Township is substantially related to the health, safety and general welfare of the community.

(3) Hanson's proposed curative amendment to the College Township Zoning Ordinance is denied.