## Corr, Appellant, *v.* Philadelphia.

*Municipalities—Abandonment of land appropriated for public use.*

An abandonment of land appropriated by a municipality for public use cannot be established by proof merely of a failure for the time to use it, or of a temporary use of it not inconsistent with an intention to use it for the purpose for which it was taken, or another public purpose.

*Ejectment—Pleading—Abandonment—Municipalities.*

In an action of ejectment against a municipality to recover land previously appropriated to public use, abandonment of any intention to use the land for any public purpose is sufficiently pleaded where the statement avers that "the defendant has utterly failed in any particular to use the said land for a reservoir, a pumping station, or for any other purpose whatever connected with the supply of water to the city; nor has it put the said land to any other public use, and has utterly abandoned any intention which it might have had to so use the said land."

Argued March 27, 1905. Appeal, No. 53, Jan. T. 1905, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1902, No. 282, sustaining demurrer to statement in case of Bernard Corr v. City of Philadelphia. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Ejectment for land in the thirty-eighth ward of the city of Philadelphia.

The statement averred that the land had been appropriated, in 1884, by the city for a reservoir.

The statement continued as follows :

" Subsequently, it appearing that the said land was unsuited

for the purpose of a reservoir, the defendant abandoned the site and let the land which is the subject of this suit, for farm purposes. The defendant has utterly failed in any particular to use the said land for a reservoir, a pumping station, or for any other purpose whatever connected with the supply of water to the city of Philadelphia; nor has it put the said land to any other public use, and has utterly abandoned any intention which it might have had to so use the said land."

The defendant demurred to the statement.

The court sustained the demurrer and entered judgment for defendant.

*Error assigned* was the order of the court.

*Joseph A. Culbert*, with him *J. Stanley Smith*, for appellant.—Abandonment was well pleaded: Henshall v. Wilkinson Mfg. Co., 19 Montg. Co. Law Repr. 48; Anchor Savings Bank v. Stoneham Tannery Co., 8 Pa. C. C. Rep. 303; Smith v. Stevenson, 47 Pitts. L. J. 231; Steinman v. Lancaster County, 14 Lanc. L. R. 334; Battin v. Northwestern Mut. Life Ins. Co., 130 Fed. Repr. 874.

*John H. Maurer*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellee.

PER CURIAM, May 15, 1905:

An abandonment of land appropriated by a municipality for public use cannot be established by proof merely of a failure for the time to use it, or of a temporary use of it not inconsistent with an intention to use it for the purpose for which it was taken, or another public purpose. The facts alleged in support of the averment of abandonment do not strengthen it. But there is a distinct averment of an actual abandonment of any intention to use the land for any public purpose. This we think was a sufficiently well pleaded abandonment to put the city to a defense. The order sustaining the demurrer and entering judgment for the defendant is reversed with leave to the defendant to answer.