Elmer Smith, Appellant *v.* Board of Zoning Appeals of the City of Scranton, Appellee.

Argued April 6, 1983, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*David Schachter, Strohl and Dattola,* for appellant.

*Robert T. Gownley,* for intervenor.

*Edmund J. Scacchitti,* City Solicitor, with him, *Albert B. Mackarey,* Assistant City Solicitor, for appellee.

OPINION BY JUDGE ROGERS, May 20, 1983:

Reverend Elmer Smith here appeals from an Order of the Court of Common Pleas of Lackawanna County affirming a decision of the Board of Zoning Appeals of the City of Scranton that the appellant could not lawfully continue the use of his property located at number 800-802 Adams Avenue, Scranton, as a grocery store.[1] It is undisputed that previous to Reverend Smith's ownership of the property, it was continuously used by others as a grocery store enterprise for some twenty years, including a period of time before the enactment of any zoning regulations, and that, unless the appellant has abandoned the use, he is constitutionally entitled, under the doctrine of pre-existing nonconforming uses, to continue to use the property as a grocery store although only residential uses are now permitted by zoning regulation. Thus, the only issue is that of abandonment.[2] The board and the trial court

---

[1] The additional use of the property for two apartments is not challenged.

[2] In his brief the appellee argues that an earlier decision of the board denying the application of appellant's son to conduct a grocery store and soda fountain on these premises, from which denial no appeal was taken, is res adjudicata on the issues here presented. If the facts are as the intervenor states, this theory is not without authority. *Krink's Appeal,* 332 Pa. 236, 2 A.2d 700 (1938) but the board's

found that the appellant had abandoned the grocery store use and the appellant contends that this finding is not supported by the evidence. Our scope of review, where as in this case no additional evidence was received by the trial court, is to determine whether the board committed an abuse of discretion or an error of law. *Rieder Appeal,* 410 Pa. 420, 188 A.2d 756 (1963).

Section 5.400 of the City's zoning code treats nonconforming uses and provides, at §5.403:

*Discontinuance.* No such use may be re-established after it has been discontinued or vacated for a period of 18 months or more.

The burden of proving the fact of abandonment is on the party so asserting; here the appellee, a neighbor who intervened below. *Township of Upper Moreland v. Gaunt,* 16 Pa. Commonwealth Ct. 334, 328 A.2d 556 (1974). In the absence of a provision like that of §5.403 of the city's zoning code prohibiting reestablishment of a use discontinued for a stated period, one seeking to establish that the use has been abandoned must prove that the owner or occupier of the land intended to abandon the use and that the use was, consonant with this intention, actually abandoned. While non-use or discontinuance of the use might be probative with respect to the second issue—actual abandonment—the intent to abandon could not be inferred from or established by a period of non-use alone. *Upper Darby Township Appeal,* 391 Pa. 347, 138 A.2d 99 (1958); *Haller Baking Company's Appeal,* 295 Pa. 257, 145 A. 77 (1928); *Corr v. Philadelphia,* 212 Pa. 123, 61 A. 808 (1905); *Munhall Borough Council Appeal,* 175 Pa. Superior Ct. 320, 104 A.2d 343 (1954). Rather, the intent to abandon must be shown by the owner or occupier's overt acts or the failure to act, such as writ-

decision is silent on the matter of the earlier application and contains none of the findings that would be necessary to determine the effect of the previous decision.

ten or oral statements evincing an intent to abandon the use, structural alterations to the building inconsistent with continuance of the nonconforming use, or the failure to take some step such as license renewal necessary to the continuance of the use. *See Upper Providence Township Appeal,* 414 Pa. 46, 198 A.2d 522 (1964); *West Mifflin v. Zoning Hearing Board,* 3 Pa. Commonwealth Ct. 485, 284 A.2d 320 (1971).

The effect of a zoning code provision such as §5.403 of the Scranton Ordinance forbidding reestablishment after a period of discontinuance is that of the creation by discontinuance of a presumption of the owner or occupier's intent to abandon that use. As Judge MENCER wrote for this Court in *Marchese v. Norristown Board of Zoning Appeals,* 2 Pa. Commonwealth Ct. 84, 96, 277 A.2d 176, 186 (1971):

> But where, as here, a one-year time limitation on the right to resume the nonconforming use is imposed by the zoning ordinance, the intention to surrender the right is presumed *from the expiration of the designated period.* Although because of this presumption it becomes unnecessary to prove the intent to abandon after cessation of one year, it is still necessary to show the concurrent overt acts or failure to act which indicate abandonment. (Emphasis in the original.) (Footnote omitted.)

We take the last word of this justly oft-repeated passage to mean *actual* abandonment, as distinguished from the intent to abandon.

The cases have not always been entirely consistent in their description of the effect of the presumption of intent created by the expiration of local zoning ordinance discontinuance provisions like that here at issue. However, the true rule is that the presumption carries the protestant's burden to prove abandonment if no contrary evidence, such as overt acts indicating an in-

tent to continue the use, is introduced on behalf of the owner or occupier; but that the production of evidence of an intent other than that of abandonment, which is believed by the fact-finder, will rebut the presumption and return to the protestants their burden of persuasion on this issue. *See e.g. Upper Providence Township Appeal; Munhall Borough Council Appeal; Kuhl v. Zoning Hearing Board of Greene Township,* 52 Pa. Commonwealth Ct. 249, 415 A.2d 954 (1980); *Grace Building Co. v. Zoning Hearing Board of Allentown,* 38 Pa. Commonwealth Ct. 193, 392 A.2d 892 (1978); *Marchese.*[3]

In any event, the presumption raised by the discontinuance provision has only to do with the issue of intent. Actual abandonment for the period prescribed by

---

[3] In *Upper Providence Township Appeal,* involving a one-year maximum discontinuance period created by ordinance, the landowner established that his actions of apparent abandonment were in fact motivated not by an intent to abandon but by pending mortgage foreclosure proceedings and the Court held that the township had not met its burden. In *Munhall Borough Council Appeal,* a case quite similar factually to that here presented, the landowner's store was vacant for a period in excess of the maximum for discontinuance permitted by the local ordinance. The Court noted that the landowner's proofs included evidence of attempts during the period to procure tenant for the building, concluded that this evidence negated the borough's assertion of an intent to abandon and held that the borough had not met its burden. In *Kuhl* we held that the landowner's continued, albeit reduced, gravel extraction and related activities throughout the one-year discontinuance period, as was found to have occurred by the zoning hearing board, rendered erroneous the additional finding of abandonment. *Grace Building Co.* involved a nonconforming social club vacant for less than the applicable ordinance's two-year-period and we held that any presumption of an intent to abandon the use was rebutted by evidence that during the period of vacancy the landowner entered into an agreement of sale with respect to the club and eventually negotiated a lease with a tenant who intended to continue the enterprise. In *Marchese,* involving a nonconforming garage use and a one-year maximum period of discontinuance created by ordinance, neighbor protestants testified

the ordinance must always be shown. Moreover, a showing of actual abandonment by the landowner is not proved by a mere temporary discontinuance of the business which is the result of forces or events beyond his control including war, shortage of materials or supplies necessary for the continued operation of the use, destruction of the property by natural disaster, the financial inability of the owner to carry on due to general economic depression, and cessation of business during repair of the property. *Marchese,* 2 Pa. Commonwealth Ct. at 100, n. 5, 277 A.2d at 182, n. 5. *See West Mifflin* at 492, 284 A.2d at 324.

In the light of these legal principles we will examine the well-supported findings of the Board :[4]

(3) The previous owners continued the business for approximately one month after the applicant's purchase of the property;

(4) From October, 1978, one month after Appellant's purchase of the property, the store was empty and had [sic] never again been operated as a grocery store;

(5) The Appellant made renovations including replacing a plate glass window, removing the soda fountain, purchasing a cash register and meat cooler, building a partition, painting the front steps leading to the apartments and replacing a furnace for the entire building;

---

"that inactivity continued to reign over the garage" between 1964 and 1968. This testimony was credited by the board of adjustment and the landowner's contrary testimony was disbelieved and we held that the intent to abandon was to be presumed from the expiration of the period and, therefore, that the board properly found legal abandonment to have occurred.

[4] The board recited its findings in narrative form. The trial court assigned numbers to the board's findings and we have reproduced the findings as so numbered for convenience in examining them here.

(6) The property had not been operated as a grocery store, nor was it occupied in any fashion for a period in excess of eighteen months following October of 1978.

The Board concluded:

(1) the non-conforming use of a grocery store at the premises was discontinued;

(2) the store was vacant since late 1978 to the date of the hearing and that lack of action on owner's part demonstrated an intent not to use the store area as a grocery store;

(3) the actions of renovations did not indicate any continued use or occupation of the premises as a grocery store but rather indicated the failure to act on the part of the Applicant; and

(4) since this non-conforming use of Appellant's property has been discontinued, vacated, and abandoned for a period in excess of eighteen months, it cannot now be reestablished.

Testimony at the hearing before the board consisted primarily of that of the appellant who stated that he had purchased the property some three or four years previously; that the building was used by his predecessors in title as a grocery store; that the appellant intended at all times to resume the grocery store operation but had been temporarily thwarted in this aim by the immediate necessity of repairs to the roof, windows and heating facilities of the building, which repairs were undertaken slowly due to a lack of funds; that additional items were purchased and installed during the period of asserted abandonment including a cash register and a meat cooler intended by the appellant to render service following the resumption of grocery store operations; that his failure to sooner reopen the store was the result only of the expense of needed repairs and lack of funds available for the purpose; that the amount expended on repairs

and renovations as of the date of the hearing was 35-40 thousand dollars; and that the recent installation of a new furnace removed the last major obstacle other than zoning approval to the resumption of the grocery store use.

These circumstances, none disputed and memorialized by the board's findings, compel the conclusion that the board here erred as a matter of law. The board's finding number five as amplified in the testimony summarized above and in combination with the testimony by the appellant related to substantial additional expenditures including the installation of a new furnace which installation, at the time of the hearing, took place "about a month ago" sufficiently rebutted the presumption created by §5.403 of the zoning ordinance of the appellant's intent to abandon the nonconforming grocery store use. Therefore, the appellee had the burden of adducing evidence of the appellant's intent to abandon "by overt acts or the failure to act." *Kuhl; Miorelli v. Zoning Hearing Board of Hazleton,* 30 Pa. Commonwealth Ct. 330, 373 A.2d 1158 (1977); *West Mifflin; Marchese.* The appellee's proofs amount merely to the showing of the nonuse of the premises while the appellant made renovations and necessary repairs. This proved neither the intent to abandon nor actual abandonment. *Upper Providence Township Appeals; Haller Baking Company's Appeal; Corr v. Philadelphia; Munhall Borough Council Appeal; Kuhl.* In *Kuhl* we wrote in support of a conclusion that the landowner's activities in that case did not amount to actual abandonment:

> Removing and replacing equipment, and again removing it, is no more a hallmark of cessation of use than would be, for example, the remodeling of a grocery store temporarily closed for that purpose.

*Id.* at 254, 415 A.2d at 957.

Order reversed.

ORDER

AND NOW, this 20th day of May, 1983, the order of the Court of Common Pleas of Lackawanna County in the above-captioned matter is reversed.