574 A.2d 1171

**The ESTATE OF Carl BARBAGALLO, Appellant,**

v.

**The ZONING HEARING BOARD OF INGRAM BOROUGH, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 1990.

Decided April 26, 1990.

Kirby L. Boring, with him, Raymond G. Hasling, Phillips and Galanter, P.C., Pittsburgh, for appellant.

James C. Larrimer, Dougherty, Larrimer & Molinaro, Pittsburgh, for appellee.

Before COLINS and SMITH, JJ., and BARRY, Senior Judge.

SMITH, Judge.

 Presently before this Court is an appeal by the Estate of Carl Barbagallo (Estate) from an order of the Court of Common Pleas of Allegheny County affirming the decision of the Zoning Hearing Board of Ingram Borough (Board) which denied the grant of a variance to use proper-

ty located at 44 East Prospect Avenue in the Borough of Ingram (property) as a two-family structure. The trial court's decision is affirmed.[1]

The issues before this Court are whether there was sufficient evidence to support the trial court's finding that the nonconforming use of the property as a duplex had been discontinued and abandoned; whether the Board's refusal to grant the variance was a reasonable exercise of its police powers; and whether the refusal of the Board to grant a variance was an unconstitutional taking of the property without just compensation.

In 1949, when the property was purchased by decedent Carl Barbagallo (Barbagallo), it was located in a district zoned "residential" which permitted duplex structures on lots containing 4000 square feet. The property consisted of two separate living quarters, one above the other, each with separate bath and kitchen facilities. From 1949 until approximately the mid–1950s, Barbagallo rented the two units to third parties. In the mid–1950s Barbagallo moved into the first floor unit with his mother, sister and brother. The second floor tenants remained until approximately 1957. In 1964, Barbagallo's brother moved into the second floor unit and resided there until approximately 1974. The second floor unit was thereafter rented from 1974 until 1976. From 1976 until Barbagallo's death on July 9, 1981, Barbagallo did not rent out the second floor unit. Barbagallo's sister, Louise Barbagallo, continued to reside in the first floor apartment on the property until she offered it for sale in 1982. In 1983, Louise Barbagallo, as executrix of the Estate, entered into an Agreement of Sale (agreement) to sell the property to Pamela Roberts (Roberts) who subsequently refused to move into the property because of formaldehyde insulation and as a consequence, filed suit to rescind the agreement. Pending the outcome of that action,

1. This Court's scope of review in a zoning case where the trial court received additional evidence is to determine whether or not that court abused its discretion or committed any error of law. *Metzger Appeal,* 85 Pa.Commonwealth Ct. 301, 481 A.2d 1234 (1984).

Roberts, with the agreement of all parties to the litigation, attempted to sell the property.

Roberts received an offer from a third party to purchase the property conditioned upon it being qualified for use as a duplex structure. The Zoning Ordinance of the Borough of Ingram (Ordinance) in effect at that time required a duplex to have a lot containing a minimum area of 6000 square feet. Roberts' property contained 5040 square feet and therefore, its use as a duplex was a nonconforming use.[2] As such, Roberts made an application to the Board for a variance to use the property as a duplex. The Board denied the application and the trial court affirmed on appeal. Shortly after the present appeal was filed, Roberts prevailed in her action to rescind the agreement resulting in a reconveyance of the property to the Estate which has been substituted as the appellant in this appeal.

The Estate initially argues that the use of the property as a duplex was a legal nonconforming use. A nonconforming use is an activity or structure predating relevant zoning restrictions or any pertinent amendments thereto. Section 202 of the Ordinance; *Township of Haverford v. Spica,* 16 Pa.Commonwealth Ct. 326, 328 A.2d 878 (1974). However, the law is also clear that a party entitled to a nonconforming use of property can abandon that use. Intent to abandon a nonconforming use cannot be inferred from or established by a period of nonuse alone. It must be shown by the owner or occupier's overt acts or failure to act. *Sullivan v. Zoning Board of Adjustment,* 83 Pa.Commonwealth Ct. 228, 478 A.2d 912 (1984).

The record indicates here that the second floor unit on the property had not been used as an apartment and was not rented since 1976. Under Section 1706.3 of the Ordinance, discontinuance of a nonconforming use for more

2. Section 202 of the Ordinance provides:
 NON–CONFORMING USE: A use of a structure or land, lawfully existing at the time of this ordinance (or as later amended), which does not conform to the use regulations applicable in the zoning district in which it is located.

than one year prohibits that use from being reestablished.[3] In addition, during the entire period of nonuse of the second floor unit, neither renovations nor necessary repairs were made to the unit which would have required it to remain unoccupied and hence negate any assertion of abandonment of use. *Smith v. Board of Zoning Appeals of the City of Scranton*, 74 Pa.Commonwealth Ct. 405, 459 A.2d 1350 (1983). No evidence was presented to prove facts to negate a discontinuance or abandonment of the nonconforming use. Further, when Louise Barbagallo executed the agreement with Roberts and warranted that present use of the property was in compliance with all ordinances, Louise Barbagallo warranted that the property was no longer a duplex structure thereby performing an overt act sufficient to indicate an abandonment of a nonconforming use. Sufficient evidence thus exists to support the trial court's finding that the nonconforming use of the property had been discontinued and abandoned.

■ The Estate next argues that the refusal of the Board to grant a variance was an unreasonable exercise of its police power. The Estate contends that a refusal to grant a variance for a nonconforming use would work a severe and unique hardship on the Estate, citing the nature of the community and particularly the street on which the property is located and that a requested variance should be granted even though the traditional grounds for a variance

3. Section 1706.3 of the Ordinance provides for the discontinuance of a nonconforming use:

A nonconforming use of a structure designed (or adaptable without major structural alteration) to conform to the use regulations applicable in the district in which it is located, may be continued for a period of not more than five (5) years from the effective date of this ordinance, if such use is initially nonconforming, or within such time from the date of any amendment which later makes such use nonconforming, provided such use shall not be expanded or extended into any other portion of the structure or property or changed to another nonconforming use. *Whenever a nonconforming use of a structure or a portion thereof has been discontinued for a period of at least one (1) year or changed to a conforming use, the nonconforming use shall not thereafter be reestablished, and the future use shall be in conformity with the provisions of this Ordinance.* [Emphasis added.]

may not have been met where the reasons for denial are de minimis. In *West Bradford Township v. Evans*, 35 Pa Commonwealth Ct. 167, 384 A.2d 1382 (1978), cited by the Estate, the zoning board granted a variance to landowners even though grounds for a variance were not met because the variance sought was de minimis. The major objection raised to the landowner's request for variance was related to sewage problems and was cured by an express condition attached to the grant of the variance which required that a sewage easement be created. This grant of a variance also furthered the public health, safety and welfare.

Here, however, the neighborhood consists of single-family homes as well as two-story structures used as duplexes. The variance sought was for 960 square feet, or more than fifteen per cent of the amount of square footage required for the property lot size. The variance is not therefore de minimis, and the Board's refusal to grant the variance was not an unreasonable exercise of its police powers. In *King v. Zoning Hearing Board of the Borough of Nazareth*, 76 Pa.Commonwealth Ct. 318, 320, 463 A.2d 505, 505 (1983) this Court held that:

> The de minimis doctrine is an extremely narrow exception to the heavy burden of proof which a party seeking a variance must normally bear. The courts have applied the rule and allowed a variance in a limited number of cases where the violation of the ordinance was a relatively minor one, ....

*See also Marlowe v. Zoning Hearing Board of Haverford Township*, 52 Pa.Commonwealth Ct. 224, 415 A.2d 946 (1980).

Finally, the Estate argues that the refusal of the Board to grant a variance constitutes an unconstitutional taking of property asserting that if the Board's decision is upheld, the Estate will suffer a loss of a vested property right in that the property will be what appears to be a duplex in a neighborhood of duplexes but not useable as a duplex. While the neighborhood in which the property is located does indeed contain duplexes, it also contains single-

family homes. Although denial of a variance would prohibit the owners of the property from collecting rent for the second unit, the Ordinance does not uniquely burden the property so as to prohibit it from being used as a single-family residence thereby creating an unnecessary hardship peculiar to the property. *J.R. Greene Associates v. Zoning Hearing Board*, 56 Pa.Commonwealth Ct. 605, 426 A.2d 175 (1981).

The trial court did not err in upholding the denial of a variance, and its decision is therefore affirmed.

## ORDER

AND NOW, this 26th day of April 1990, the order of the Court of Common Pleas of Allegheny County is affirmed.