Diane ZITELLI, Appellant,

v.

**ZONING HEARING BOARD OF THE BOROUGH OF MUNHALL and Borough of Munhall.**

Commonwealth Court of Pennsylvania.

Argued Feb. 2, 2004.

Decided May 4, 2004.

Reargument Denied June 30, 2004.

Robert A. Goldman, Pittsburgh, for appellant.

George M. Janocsko, Pittsburgh, for appellees.

BEFORE: McGINLEY, J., and COHN, J., and KELLEY, Senior Judge.

OPINION BY Judge COHN.

Diane Zitelli (Zitelli) appeals the denial of her request for an occupancy permit to allow two-family occupancy of two rowhouse properties in an area zoned for single-family dwellings in the Borough of Munhall (Borough), Allegheny County. Zitelli contends that she is entitled to such relief based on the alleged existence of a pre-existing, non-conforming use of each rowhouse as a two-family residence.[1] The Zoning Hearing Board (Board) found, however, that the evidence presented by Zitelli failed to establish the existence of a

---

1. Zitelli did not request this relief or allege this legal basis for relief in her written application filed with the Zoning Hearing Board (Board). Rather, she *originally* requested a dimensional variance for the rowhouse properties because they supposedly violated the minimum frontage requirements for two-family dwellings in that particular zoning district. However, while participating in a hearing before the Board, she orally changed her legal theory and the requested relief. No one raised an objection, and the Board, "in order to save the time and expense of reconvening at a later date for a hearing on a new or revised application for relief," allowed Zitelli to amend her application orally and to proceed with her case regarding the existence of a legal non-conforming use. (Board's op., p. 1 n. 2.)

pre-existing, non-conforming use. The Board also noted that, even if Zitelli had met her burden, the evidence indicated that any non-conforming use of the properties as two-family rowhouse dwellings had, in fact, been abandoned. Zitelli appealed this decision and the Court of Common Pleas of Allegheny County affirmed the Board, without taking additional evidence.

■■■ Zitelli asks this Court to determine whether the Board abused its discretion and made errors of law when it: (1) allegedly relied upon the wrong version of the Borough's zoning ordinance to determine whether a prior non-conforming use existed; (2) found the evidence she provided insufficient to prove that the rowhouses had been used as two-family dwellings; and (3) determined that the rowhouses had been abandoned. We conclude, however, that we need only address Zitelli's third issue concerning abandonment, because it is determinative of the outcome in this case.[2]

■■■ Here, the Borough is asserting that, even if a pre-existing, non-conforming use existed, it was abandoned. The Borough, therefore, has the burden to prove that the landowner (1) intended to abandon the non-conforming use, and (2) actually abandoned the use. *Pappas v. Zoning Board of Adjustment of the City of Philadelphia*, 527 Pa. 149, 589 A.2d 675 (1991). A zoning ordinance may establish a presumption of intent to abandon by incorporating a discontinuance provision that provides that the lapse of a designated time is sufficient to establish the intent to abandon the non-conforming use.[3] *Latrobe Speedway, Inc. v. Zoning Hearing Board of Unity Township*, 553 Pa. 583, 592, 720 A.2d 127, 132 (1998); *Pappas*, 527 at 156, 589 A.2d at 678; *Rayel v. Bridgeton Township Zoning Hearing Board*, 98 Pa. Cmwlth. 455, 511 A.2d 933 (1986). The Zoning Code of the Borough of Munhall currently includes a discontinuance provision, and has included one since its inception in 1942.[4] The current provision

**2.** In zoning appeals where the trial court has taken no additional evidence, this Court's scope of review is limited to determining whether the zoning hearing board committed an error of law or an abuse of discretion. *Baker v. Chartiers Township Hearing Board*, 677 A.2d 1274, 1276 (Pa.Cmwlth.1996), *petition for allowance of appeal denied*, 547 Pa. 738, 690 A.2d 238 (1997). An abuse of discretion is found where the findings of the zoning hearing board are not supported by substantial evidence. *Id.* Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Bailey v. Upper Southampton Township*, 690 A.2d 1324 (Pa.Cmwlth.1997).

In her brief, Zitelli alleges that the trial court took additional evidence in this case because the judge, in making his decision, relied on versions of the zoning ordinance that were not introduced into evidence during the hearing before the Board. We disagree with Zitelli's allegation because: (1) the formal rules of evidence do not apply in local zoning board meetings, Section 908(6) of the Pennsylvania Municipalities Planning Code,

Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10908(6); and (2) courts may take judicial notice of local government ordinances, Section 6107 of the Judicial Code, 42 Pa.C.S. § 6107.

**3.** Once the intent to abandon is established pursuant to a discontinuance provision in a zoning ordinance, the burden of persuasion moves to the party challenging the claim of abandonment. *Latrobe Speedway, Inc. v. Zoning Hearing Board of Unity Township*, 553 Pa. 583, 592, 720 A.2d 127, 132 (1998). If the challenger introduces evidence of any contrary intent, the presumption is rebutted and the burden of persuasion shifts back to the party claiming abandonment. Id.

**4.** *See* Art. IX, § 800(6) of Ordinance No. 960, effective 1942 (a period of at least one year); Art. XII, § 6(5) of Ordinance No. 1215, effective April 12, 1973 (twelve consecutive months or for eighteen months during any three year period); and Art. XI, § 3C of Ordinance No. 1381, effective April 19, 1995 (twelve consecutive months or more).

states: "If a non-conforming use is discontinued for a period of twelve (12) consecutive months or more, the legally non-conforming status shall have automatically been extinguished. Subsequent uses of the property shall be in **full compliance** with this Ordinance." (Ordinance # 1381, dated April 19, 1995, as amended through February 17, 1999 and February 20, 2002, Art. XI, § 3C, p. XI–2) (emphasis in original).

The following evidence was presented at the hearing before the Board. The two rowhouses are located at 635 and 637 East Ninth Avenue. The last person to live in 635 moved out in 1997; the property deteriorated and was subsequently boarded up by the Borough. (Board Opinion and Order, dated September 18, 2002, Finding of Fact (FOF) 9, 25.) A company named GLS Development acquired the property on November 30, 2000.[5] (FOF 7.) Zitelli purchased the property from GLS Development on January 31, 2001, made some repairs in April or May of that year, but did nothing to the property thereafter. (FOF 4, 11.) The property at 637 had been owned by the Havrilla family beginning in 1977; they moved out at an undetermined time, and the property was also boarded up in 1997.[6] (FOF 7, 9, 26.) GLS Development acquired the property on December 15, 1999. (FOF 7.) Zitelli purchased it from GLS Development on July 20, 2001, but made no improvements since that time. (FOF 4, 12.)

■ Our review of this evidence shows that any pre-existing, non-conforming use of the rowhouses as two-family dwellings

ended in 1997, when the properties became vacant and were boarded up. This occurred over three years *before* Zitelli made her purchases in 2001. Thus, any non-conforming use of the properties was discontinued for *more* than twelve months— the time designated in the discontinuance provision included in the Borough's current zoning ordinance—and a presumption of intent to abandon such use was established. Zitelli failed to present any evidence to rebut this presumption.

■ However, as we noted earlier, intent to abandon is only one element of the burden of proof on the party asserting abandonment. The second element is *actual* abandonment of the use for the prescribed period. *Latrobe Speedway.* Abandonment of a non-conforming use cannot be "inferred from or established by a period of nonuse alone. It must be shown by the owner['s] ... overt acts or failure to act." *Estate of Barbagallo v. Zoning Hearing Board of Ingram Borough,* 133 Pa.Cmwlth. 38, 574 A.2d 1171, 1173 (1990). In this case, evidence showing that the rowhouses had been boarded up and were not inhabited as two-family dwellings indicated actual abandonment of any alleged non-conforming use.

■ The burden then moved to Zitelli, who presented no evidence that, since 1997, *any* prior owner(s) of the properties, including herself, undertook acts that would disprove actual abandonment of the alleged non-conforming use. Even the initial repairs made to the 635 unit by her husband in April or May of 2001, took place 3½ years after the rowhouses were vacated and boarded up and, pursuant to

5. GLS Development is a subsidiary of a private company known as GLS Capital, Inc. GLS Capital, Inc. purchased the rights to a number of liens placed on these parcels of real estate by Allegheny County due to non-payment of County property taxes. GLS Capital, Inc. then initiated involuntary sales of

these parcels in order to make full payment on the County tax liens. (FOF 5.)

6. Mr. Havrilla entered the boarded-up property without permission, and lived there as a vagrant until his death sometime in 1998 or 1999. (FOF 26.)

the discontinuance provision in the zoning ordinance, were already deemed abandoned.

■ Zitelli argues that when a use is discontinued for reasons beyond the landowner's control, courts generally refuse to find actual abandonment. *See, e.g., Metzger v. Bensalem Township Zoning Hearing Board,* 165 Pa.Cmwlth. 351, 645 A.2d 369 (1994). Her position is that forces beyond the landowner's control caused the involuntary discontinuance of use of these properties as two-family dwellings. In support, she alleges that the tax sale was a contributing factor to discontinued use of the rowhouses as two-family residences. However, contrary to her argument, GLS Development initiated its tax sales of the properties well *after* anyone had (legally) stopped living on the premises and, certainly, well after more than one family resided there. (Board Opinion and Order, dated September 18, 2002, Conclusion of Law (COL) 27.) Furthermore, since 1997–98, the properties were in an advanced state of disrepair and deterioration, and were boarded up by the Borough, rendering them unfit or too dangerous for human habitation. (COL 28.) Thus, any pre-existing use as a two family dwelling had been discontinued well before any other reasons arose which precluded their use.

Accordingly, we affirm the order of the trial court because we determine that any alleged pre-existing, non-conforming use of Zitelli's rowhouses as two-family residences was abandoned.

### ORDER

**NOW,** May 4, 2004, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.